UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DEVAULT, *et al.*,

        Plaintiff,

v.

STATE OF MICHIGAN, MICHIGAN
DEPARTMENT OF EDUCATION, and
STATE SUPERINTENDENT FOR PUBLIC
INSTRUCTION, *in her official capacity*,

        Defendants.
                              /

Case No. 2:25-cv-13609

Hon. Brandy R. McMillion
United States District Judge

## OPINION AND ORDER GRANTING *IN PART* AND DENYING *IN PART* DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 24), HOLDING IN ABEYANCE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 22), AND STAYING THE ACTION

Plaintiffs Michael Devault, Michael Bayer, John Bernia, Mark Blaszkowski, Andrew Brodie, Joseph Candela, Daveda Colbert, Terry Dangerfield, Daniel Dombrowski, Shelly Ducharme, Benjamin Edmondson, Derek Fisher, Mark Greathead, Kenneth Gutman, Scott Hardy, Paul Hungerford, Peter Kudlak, Alan Latosz, Tara Mager, Robbyn Martin, Dedrick Martin, Diane Martindale, Angie Mcarthur, Jason Mellema, Douglas Mentzer, Stephen McNew, Robert Monroe, Gregory Nyen, Andrea Oquist, Karl Paulson, Todd Robinson, Paul Salah, John

1

Searles, Zack Sedgewick, Andrew Shaw, Brenda Tenniswood, and John Van Wagoner II (collectively, "Plaintiffs") commenced this § 1983 action alleging Defendant, the Michigan State Superintendent for Public Instruction[1] ("Defendant") violated their rights under the Fifth and Fourteenth Amendments by enacting Section 31aa(9) ("the Privilege Waiver") as part of the State School Aid Act of 1979 (2025 PA 15), MICH. COMP. LAWS §§ 388.1601 *et seq.*, ("the Statute").  *See generally* ECF No. 1.  Plaintiffs have also filed a related complaint in the Michigan Court of Claims ("Court of Claims") challenging the same statutory provision under the Michigan state constitution.  ECF No. 1-2, PageID.94; *see also* ECF No. 22, PageID.259-260.

Before the Court are the parties' cross motions for summary judgment.  *See* ECF Nos. 22, 24.  Plaintiffs move the Court to find the Privilege Waiver unconstitutional under federal law, and Defendant moves the Court to dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 56(a) or, alternatively, stay the case until the Court of Claims reaches a decision in the related state proceeding.  *See generally* ECF Nos. 22 and 24, respectively.  The Motions have been adequately briefed, so the Court will rule without a hearing.  *See* ECF Nos. 22, 24, 26-27; E.D. Mich. L.R.

---

[1] On December 4, 2025, the parties stipulated to dismiss the State of Michigan and Michigan Department of Education from this case.  *See* ECF No. 25.  As a result, the only remaining Defendant is the State Superintendent for Public Instruction in her official capacity.  *Id*.  Further, in a subsequent filing, Defendant informed the Court that effective December 8, 2025, Glenn Maleyko, Ph.D. ("Dr. Maleyko") replaced Sue Carnell, Ph.D. ("Dr. Carnell") as the new Superintendent of Public Instruction.  *See* ECF No. 26, PageID.338.  Pursuant to Fed. R. Civ. P. 25(d), Dr. Maleyko automatically substituted Dr. Carnell as the sole remaining Defendant in this action.

2

7.1(f)(2).  For the reasons stated below, Defendant's Motion for Summary Judgment (ECF No. 24)[2] is **GRANTED IN PART** and **DENIED IN PART**, Plaintiffs' Motion for Summary Judgment (ECF No. 22) is **HELD IN ABEYANCE**, and this action is **STAYED** pending the outcome of the state court case.

## I.

The parties stipulated to a Statement of Material Facts Not in Dispute, *see* ECF No. 21, so the Court incorporates those facts herein.  This case is about the disputed constitutionality of the Privilege Waiver found at Section 31aa(9) of the State School Aid Act, MICH. COMP. LAWS § 388.1631aa(9).  Plaintiffs—who are individual school officials such as superintendents and local school boards' members—allege Section 31aa's funding condition that applicants "waive **any privilege**…in the event of a **mass casualty event**" is unconstitutional.  *Id*. at PageID.236 (quoting MICH. COMP. LAWS § 388.1631aa(9)) (emphases added).

In addition to this action, Plaintiffs have a concurrent proceeding before the Michigan Court of Claims challenging the same section of the Statute under the Michigan Constitution.  ECF No. 22, PageID.259-260.  There are no federal claims before the state court, and the only claims before this Court are (1) whether the Privilege Waiver is void for vagueness under the Fourteenth Amendment and (2)

---

[2] On December 3, 2025, Defendant filed a Motion for Summary Judgment and Brief in Support by Superintendent of Public Instruction (ECF No. 23), followed by an Amended Motion to Amend/Correct & Brief in Support of Motion for Summary Judgment (ECF No. 24) on the same day.  Consequently, Defendant's initial summary judgment filing (ECF No. 23) is moot.

3

whether the Privilege Waiver violates the unconstitutional conditions doctrine under the Fifth and Fourteenth Amendments.  ECF No. 1, PageID.21-37.

While Plaintiffs admit they could have brought these exact federal claims in the active state court litigation, they elected not to do so.  ECF No. 22, PageID.261-262.  Instead, they ask this Court to exercise its subject-matter jurisdiction over these federal constitutional issues that are properly before it.  *Id.* at PageID.260-261.  Defendant—taking no position as to the constitutionality of the Privilege Waiver—moves the Court to abstain from exercising its jurisdiction, and in turn, dismiss Plaintiffs' Complaint, or, in the alternative, stay the case pending the outcome of the state proceeding.  *See generally*, ECF No. 24.  Plaintiffs respond that in order for the Court to abstain, Defendants must "clearly justify grounds for abstention," which she cannot successfully do under any of the cited-to abstention doctrines: *Younger v. Harris*, 401 U.S. 37 (1971), *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), or *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  *See* ECF No. 22, PageID.260 (quoting *Epps v. Lauderdale Cnty.*, 139 F. Supp. 2d 859, 865 (W.D. Tenn. 2000)).

On December 3, 2025, the parties filed their motions for summary judgment, which are now fully briefed.  *See* ECF Nos. 22, 24, 26-27.  Having reviewed the briefs, the Court finds oral argument unnecessary and will decide the pending motions based on the record before it.  *See* E.D. Mich. LR 7.1(f).

4

## II.

The Court will grant summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Upon doing so, the nonmoving party must present "significant probative evidence" revealing that there is "more than some metaphysical doubt as to the material facts necessitating a trial[.]" *Green Genie, Inc. v. City of Detroit, Mich.*, 63 F.4th 521, 526 (6th Cir. 2023).  The "facts must be viewed in the light most favorable to the nonmoving party *only if* there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  "The non-moving party may not rely on his pleadings alone, but must demonstrate the existence of a genuine issue for trial by pointing to 'specific facts' that create such an issue." *Hamilton v. Myers*, 281 F.3d 520, 525 (6th Cir. 2002) (citation omitted).  "A mere scintilla of evidence or some metaphysical doubt as to a material fact is insufficient to forestall summary judgment." *Babcock & Wilcox Co. v. Cormetech, Inc.*, 848 F.3d 754, 758 (6th Cir. 2017).

## III.

It is longstanding Supreme Court precedent that abstention is the exception—not the rule. *See Colorado River*, 424 U.S. at 813 (holding abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it."). However, upon conducting the necessary analyses, a District Court may still find abstention warranted. *Healthcare Co. Ltd. v. Upward Mobility, Inc.*, 784 F. App'x 390, 396 (6th Cir. 2019); *see also Fire-Dex, LLC v. Admiral Ins. Co.*,

> "Courts have fashioned a few narrow abstention doctrines that tend to rest on federalism concerns. For example, a federal court may abstain from deciding on the federal constitutionality of a state law if a state court's definitive interpretation of that law would moot the federal constitutional challenge. *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Federal courts may also abstain from interfering with ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Again, traditional abstention doctrines like Pullman, Younger, and others are "extraordinary and narrow" exceptions to the normal rule of mandatory jurisdiction [. . .]."

139 F.4th 519, 527 (6th Cir. 2025). Here, while the Court agrees with Plaintiff that these federal constitutional claims are properly before it, the Court simultaneously agrees with Defendant that abstention is warranted under *Pullman* and *Colorado River*.

### A. *Pullman* Doctrine

Abstention under the *Pullman* doctrine is appropriate "only where state law is unclear and a clarification of that law would preclude the need to adjudicate the

6

federal question." *Hunter v. Hamilton Cnty. Bd. of Elections*, 635 F.3d 219, 233 (6th Cir. 2011). Such is the case here. First, there is an unclear state law at issue. While the Court acknowledges there are no federal claims in Plaintiffs' state court case, that fact does not eliminate the potential impact of the state court decision on this case. Conversely, the Privilege Waiver is unclear—in its scope, for example—such that the Court of Claims' interpretation is not only relevant, but crucial. *See Tyler*, 709 F.2d 1106, 1108 (6th Cir. 1983) ("The meaning of the phrase 'previously ascertained and declared by law' is central to this case and has not been authoritatively construed by the state's highest court.").

Plaintiffs disagree, arguing the Court need not abstain at this time because any decision by the Michigan Court of Claims "'would not render moot the federal constitutional issues presented in the instant case.'" ECF No. 27, PageID.359 (citing *Assoc. Gen. Contractors*, 214 F.3d at 740 (emphasis added)). The Court finds this position both presumptive and premature—especially considering Plaintiffs brought identical questions of constitutionality before the state and federal courts, *albeit* under different laws. *See Tyler*, 709 F.2d at 1108 ("Abstention is particularly warranted where a state proceeding is pending that challenges the law under the state constitution.") (cleaned up).

Plaintiffs further argue that their challenge is a facial one to the statute. ECF No. 22, PageID.263-269. As such, "[i]n order to invoke *Pullman* abstention, a

7

district court must ask whether the state statute is fairly subject to an interpretation which will render unnecessary or substantially modify the federal constitutional question." *Jones v. Coleman*, 848 F.3d 744, 751 (6th Cir. 2017). The Court has posed this inquiry, and still agrees with Defendant that *Pullman* applies because "[t]he question presented in this matter is squarely one of state law, namely whether language in MICH. COMP. LAWS § 388.1631aa(9) violates constitutional principles." ECF No. 24, PageID.324. According to Plaintiffs, that is irrelevant because they have not asked the state court to opine on the federal constitutionality of the Privilege Waiver. However, *arguendo*, if the Court of Claims invalidates Section 31aa(9) under the Michigan Constitution and strikes that section from the statute, the question of whether the Privilege Waiver is invalid under the federal constitution becomes moot. Plaintiffs have not convincingly argued to the contrary. Instead, they maintain that this tribunal can still interpret the statute under "[its] respective applicable constitution[…] differently." ECF No. 27, PageID.359. While true, the Court declines Plaintiffs' invitation to engage in a purely intellectual exercise of whether a potentially-nonexistent statutory provision *could* be invalid under the federal constitution.

Finally, Plaintiffs underscore the lack of a limiting construction in the Privilege Waiver as a sufficient basis for the Court to reject abstention. ECF No. 27, PageID.360-361 (citing *Jones v. Coleman*, 848 F.3d 744, 750-751 (6th Cir. 2017)).

In *Jones*, the Sixth Circuit found that "[i]n cases involving a facial challenge to a state statute, on First Amendment grounds[. . .] if the statute has no limiting construction, then abstention is improper, even if the statute has never been interpreted by a state tribunal." 848 F.3d at 750-751. Importantly, this is not a First Amendment case. In addition, Plaintiffs only consider the possibility that the state court could not incorporate any limiting construction that would *clarify* the statute. ECF No. 27, PageID.360-361 (emphasis added). Missing from their argument is the possibility that the Privilege Waiver could be severed from the statute in its entirety—a remedy Plaintiffs themselves request. *See* ECF No. 1, PageID.37-39; *see also* ECF No. 22, PageID.273-276. If the state court severs the Privilege Waiver from the Statute, the federal claims become moot—a prime example of when *Pullman* abstention applies.

## B. *Colorado River* Doctrine

As with *Pullman*, the Court finds *Colorado River* further favors abstention. First, the state and federal cases are parallel litigations under *Colorado River* because "the two proceedings are substantially similar." *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998). For instance, there exists "such congruence of both interests and allegations" in the two cases. *Id*. Nor is "exact parallelism" required. *Id*. In Plaintiffs' own words, these cases "aris[e] out of the same transaction or occurrence." ECF No. 1, PageID.3.

Having found a parallel litigation, the Court will next apply the *Colorado River* factors, which the Sixth Circuit has summarized as follows:

(1) whether the state court has assumed jurisdiction over any res or property;
(2) whether the federal forum is less convenient to the parties;
(3) avoidance of piecemeal litigation;
(4) the order in which jurisdiction was obtained;
(5) whether the source of governing law is state or federal;
(6) the adequacy of the state court action to protect the federal plaintiff's rights;
(7) the relative progress of the state and federal proceedings; and
(8) the presence or absence of concurrent jurisdiction.

*See Romine*, 160 F.3d at 340-341. All these factors are not created equal. *See e.g.*, *Bates v. Van Buren Twp.*, 122 F. App'x 803, 807 (6th Cir. 2004) ("Our focus in these cases, once we have found that a parallel state proceeding exists, has been on the relative progress of the state and federal proceedings."); *see also Romine*, 160 F.3d at 341 ("In *Moses H. Cone*, the Supreme Court noted 'the consideration that was paramount in *Colorado River* itself [is] the danger of piecemeal litigation.'") (cleaned up).

The first and eighth factors weigh against abstention because there is no res or property at issue, and the state and federal courts concurrently obtained jurisdiction. *See Epps*, 139 F. Supp. 2d at 865 ("If a factor is inapposite, then it weighs against abstention.") (*citing* Romine, 160 F.3d at 341). The fifth factor is inapposite because "[although] the governing law in this case is federal, […] the Supreme Court has stated that the source-of-law factor is less significant when the

10

states and federal courts have concurrent jurisdiction." *Bates*, 122 F. App'x at 807. Finally, and as Plaintiffs correctly point out, Defendant has not claimed this federal forum is less convenient than the state forum; thus, the second factor similarly militates against abstention. For example, Defendant did not raise any geographical considerations that weigh in favor of abstention. *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 207 (6th Cir. 2001).

However, the remaining factors favor abstention. Beginning with the sixth factor, Plaintiffs' nearly identical state and federal constitutional claims support the belief that a state-court adjudication can adequately protect their federal rights. Put more simply, if the Court of Claims were to render a decision that severs the Privilege Waiver from the Statute, for example, Defendant could no longer be in violation of any of Plaintiffs' federal constitutional rights. Next, the seventh factor supports abstention as well because "the state court proceeding has progressed considerably further than the […] federal action[…] which weighs strongly in favor of deferring to the former." *See Romine*, 160 F.3d at 341-342. As of the date of this Opinion, the parties have already briefed the issues in their Court of Claims litigation, appeared for hearings, and anticipate a decision on the merits on or before December 19, 2025. The state court timeline is thus much further ahead than in the present case.

Finally—and most significantly—this case does pose a danger of piecemeal litigation. In *Romine*, the Sixth Circuit concluded the same threat existed when "the outcome of both the consolidated federal class actions and the *Greenfield* state court action depend on the resolution of the exact same issue: whether Compuserve's IPO prospectus and registration omitted or misrepresented information that would be deemed 'material' to a potential investor, thereby violating the Securities Act of 1933." 160 F.3d at 341. Similarly, Plaintiffs here are seeking connotational clarity on—and severance of—a singular provision: the Privilege Waiver. Consequently, the Court finds it should abstain under both *Pullman* and *Colorado River*.[3]

In their Motion, Plaintiffs asked that if the Court rules this way, it should stay—rather than dismiss—the action. ECF No. 27, PageID.365. The Court agrees. *See Tyler v. Collins*, 709 F.2d 1106, 1109 (6th Cir. 1983) (holding, after finding *Pullman* abstention applied, that "the District Court should not dismiss these cases, but should stay the federal proceedings and retain jurisdiction over them") (cleaned up); *see also Bates*, 122 F. App'x at 809 ("We conclude that a stay is the best way to effectuate *Colorado River* abstention."). In issuing a stay, the Court rightfully retains jurisdiction over the federal constitutional questions and will rule on those issues, if necessary, pending the outcome of the state court litigation.

---

[3] Having found it will abstain from exercising jurisdiction, under *Pullman* and *Colorado River*, the Court need not assess whether the *Younger* abstention doctrine also applies.

## IV.

Having found the *Pullman* and *Colorado River* abstention doctrines are applicable, the Court will stay this case until the parties receive a decision in their litigation before the Michigan Court of Claims.

Accordingly, Defendant's Motion for Summary Judgment (ECF No. 24) is **GRANTED IN PART AND DENIED IN PART**; Plaintiffs' Motion for Summary Judgment (ECF No. 22) is **HELD IN ABEYANCE**; and this case is **STAYED** pending a final decision in the state court action.

The Parties are **HEREBY ORDERED** to file a Status Report with the Court within **three (3) business days** after receiving a *__final__* decision in the state court action.

**IT IS FURTHER ORDERED** that the hearing in this matter set for Thursday, December 18, 2025 is **CANCELLED**, and will be rescheduled if necessary.

**IT IS SO ORDERED.**

Dated: December 15, 2025  /s/ Brandy R. McMillion
    Detroit, Michigan  Hon. Brandy R. McMillion
                                                     United States District Judge