**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL DEVAULT, *et al*.,

Plaintiffs,

Case No. 2:25-cv-13609

v.

Hon. Brandy R. McMillion
United States District Judge

STATE OF MICHIGAN, MICHIGAN DEPARTMENT OF EDUCATION, and STATE SUPERINTENDENT FOR PUBLIC INSTRUCTION, *in her official capacity*,

Defendants.

_________________________________ /

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 22) AND DISMISSING PLAINTIFFS' COMPLAINT (ECF NO. 1)**

Plaintiffs, who are individual school officials such as superintendents and local school board members, initiated this action against the State of Michigan, the Michigan Department of Education,[1] and the State Superintendent for Public

[1] On December 4, 2025, the parties stipulated to dismiss the State of Michigan and Michigan Department of Education from this case. *See* ECF No. 25. As a result, the only remaining Defendant is the State Superintendent for Public Instruction in her official capacity. *Id*. Further, in a subsequent filing, Defendant informed the Court that effective December 8, 2025, Glenn Maleyko, Ph.D. ("Dr. Maleyko") replaced Sue Carnell, Ph.D. ("Dr. Carnell") as the new Superintendent of Public Instruction. *See* ECF No. 26, PageID.338. Pursuant to Fed. R. Civ. P. 25(d), Dr. Maleyko automatically substituted Dr. Carnell as the sole remaining Defendant in this action.

Instruction in their official capacity ("Defendant") for allegedly violating Plaintiffs' rights under the federal constitution when the State of Michigan enacted the State School Aid Act of 1979 (2025 PA 15), MICH. COMP. LAWS §§ 388.1601 *et seq.*, ("the Statute"). *See generally* ECF No. 1. Specifically, Plaintiffs claim that Section 31aa(9) ("§ 31aa(9)" or "the Privilege Waiver") of the Statute violates the Fourteenth Amendment because it is unconstitutionally vague and imposes an unconstitutional condition, in violation of the Fifth and Fourteenth Amendments. ECF No. 1, PageID.21–39. Before the Court is Plaintiffs' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(a). *See* ECF No. 22. The Motion has been fully briefed and the parties presented oral argument at a motion hearing on August 3, 2026. *See* ECF Nos. 22, 26, 42. Based on the reasons set forth below, the Motion is **DENIED** and Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**I.**

On November 12, 2025, Plaintiffs brought several claims against Defendant under 42 U.S.C. § 1983, disputing the constitutionality of the Privilege Waiver found at Section 31aa(9) of the State School Aid Act, MICH. COMP. LAWS § 388.1631aa(9).[2] They allege that the Privilege Waiver is void for vagueness and the funding provided by the Statute is conditioned upon the unconstitutional requirement that applicants

[2] The Court incorporates herein the parties' stipulated Statement of Material Facts Not in Dispute. *See* ECF No. 2.

"affirmatively agree to waive any privilege that may otherwise protect information from disclosure in the event of a mass casualty event and must agree to comply with a comprehensive investigation." ECF No. 1, PageID.7 (quoting MICH. COMP. LAWS § 388.1631aa(9)).

Concurrent with this federal proceeding, Plaintiffs filed an action in the Michigan Court of Claims where they challenged the Privilege Waiver under the Michigan Constitution. ECF No. 22, PageID.259-260. Although there were no federal claims in that action, there, Plaintiffs similarly argued, among other things, that "the privilege waiver is: (1) unconstitutionally vague; [and it includes] (2) an unconstitutional condition that coerces the surrender of fundamental rights, including the privilege against self-incrimination[.]" ECF No. 30, PageID.408–409. *See also Macomb Intermediate School District v. State of Michigan*, No. 25-000175-MZ, slip op. at 4–5 (Mich. Ct. Cl. Dec. 17, 2025). Because the claims overlapped and both actions involved the interpretation of Michigan law, this Court stayed the federal proceeding pending resolution of the state-court action. *See generally* ECF No. 29 (relying on *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)); *see also* ECF Nos. 23, 27. Accordingly, the Court held Plaintiffs' Motion for Summary Judgment (ECF No. 22) in abeyance. Since then, the Michigan Court of Claims has rule on Plaintiffs' claim, the Michigan Court of Appeals has

affirmed that decision, and the Michigan Supreme Court has denied Plaintiffs' application for leave to appeal.[3] *See* ECF Nos. 30, 40, 40-1, 41, 41-3. Consequently, Plaintiffs' Motion for Summary Judgment (ECF No. 22) is now ripe for this Court's decision. The Motion is fully briefed and on August 3, 2026, the Court held a motion hearing at which the parties presented oral argument. *See* ECF No. 42.

## II.

A motion for summary judgment is properly granted when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The nonmoving party must present "significant probative evidence" that there is "more than some metaphysical doubt as to the material facts necessitating a trial[.]" *Green Genie, Inc. v. City of Detroit, Mich.*, 63 F.4th 521, 526 (6th Cir. 2023). The Court will "view [the facts] in the light most favorable to the nonmoving party *only if* there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The non-moving party may not rely on his pleadings alone,

[3] *See* ECF No. 40-1, PageID.775 ("On order of the Court, the motion to expedite is GRANTED. The application for leave to appeal the April 10, 2026 judgment of the Court of Appeals is considered, and it is DENIED, **because we are not persuaded that the questions presented should be reviewed by this Court**.") (emphasis added).

but must demonstrate the existence of a genuine issue for trial by pointing to 'specific facts' that create such an issue." *Hamilton v. Myers*, 281 F.3d 520, 525 (6th Cir. 2002) (citation omitted). "A mere scintilla of evidence or some metaphysical doubt as to a material fact is insufficient to forestall summary judgment." *Babcock & Wilcox Co. v. Cormetech, Inc.*, 848 F.3d 754, 758 (6th Cir. 2017).

**III.**

The Court originally deferred consideration of this motion because the issues raised were parallel to those being presented to the Michigan Court of Claims. While this case addressed federal constitutional questions as Plaintiffs moved the Court to find the Privilege Waiver unconstitutional under federal law, the state court action addressed parallel state constitutional questions. Plaintiffs admitted they could have brought these exact federal claims in the state court litigation but ultimately elected not to do so. ECF No. 22, PageID.261- 262. The Court, applying the *Pullman* and *Colorado River* Doctrines, determined that abstention was warranted to allow the state to clarify the statute at issue. *See* ECF No 29, PageID.392-398. That has now occurred, and the Court finds, consistent with the holdings of the state courts, the Privilege Waiver is neither unconstitutionally vague nor an unconstitutional condition.

**A. Unconstitutional Vagueness-Fourteenth Amendment Due Process Clause**

"The Due Process Clauses of the Fifth and Fourteenth Amendments provide the constitutional foundation for the void-for-vagueness doctrine. A vague

ordinance violates the Constitution in two significant respects: such an ordinance fails, (1) to define the offense with sufficient definiteness that ordinary people can understand prohibited conduct, and (2) to establish standards to permit police to enforce the law in a non-arbitrary, non-discriminatory manner. The second prong—providing minimal guidelines to govern the conduct of law enforcement—constitutes the more important aspect of the vagueness doctrine. This reflects the common sense understanding that the average citizen does not read, at his leisure, every federal, state, and local statute to which he is subject." *Belle Maer Harbor v. Charter Twp. of Harrison*, 170 F.3d 553, 556–557 (6th Cir. 1999) (cleaned up).

According to Plaintiffs, the Privilege Waiver is unconstitutionally vague because its "key operative terms—particularly 'any privilege' and 'mass casualty event'—are undefined, inherently subjective, and devoid of objective criteria, leaving those subject to the law without meaningful notice of their obligations or exposure to enforcement." ECF No. 22, PageID.264–265. Not so. As the Michigan Court of Claims explained—and the Michigan Court of Appeals agreed with—"'any privilege' means exactly what it says" . . . [and] . . . 'mass casualty event' is not ambiguous or even vague." ECF No. 30, PageID.410–417. This Court agrees, but, more importantly, it defers to the Michigan state courts for the interpretation of Michigan state law.

Even still, Plaintiffs persist, the Court should still find that §31aa(9) runs afoul to the Federal Constitution. The answer remains no. As with their state action, here, Plaintiffs face "an extremely steep hurdle" in their attempt to facially challenge the constitutionality of the Privilege Waiver. ECF No. 30, PageID.410; *see Libertarian Party of Ohio v. Husted*, 751 F.3d 403, 423 (6th Cir. 2014) ("A statute will be struck down as facially **vague only if** the plaintiff has demonstrated that the law is **impermissibly vague in all of its applications**.") (emphasis added) (quoting *Green Party of Tenn. v. Hargett*, 700 F.3d 816, 825 (6th Cir. 2012)). Plaintiffs have not met this high burden. In fact, at oral argument, Plaintiffs conceded that there are applications in which the state court's interpretation would stand. *See* ECF No. 47, PageID.964-969. They instead asserted very specific instances in which they believed state superintendents could still be confused. *Id.* at PageID.966-969. The Court finds otherwise. As the Sixth Circuit made clear in *Ent. Prods., Inc. v. Shelby Cnty., Tenn.*, "[u]nder the narrowing construction to which [an] Act is readily susceptible, all [of plaintiff's] questions are readily answered." 588 F.3d 372, 380 (6th Cir. 2009). Here, the state courts sufficiently clarified the meaning of both "any privilege" and "mass casualty event" such that the statute can now be applied to the various school districts throughout the state. ECF No. 30, PageID.410–417.

The Court has reviewed the opinions of both the Michigan Court of Claims and the Michigan Court of Appeals and now believes that the law is clear as to what

the Michigan legislatures' intent was behind §31aa(9). To the extent that there was any confusion before, Plaintiff's questions have been answered. The fact that Plaintiffs may not agree with the meaning of those terms does not render them unconstitutionally vague. "Any privilege" means ***any***, and mass casualty event is sufficiently defined.

To the extent Plaintiffs' position (that the Privilege Waiver is vague under the Federal Constitution) had any merit—which it does not—that position is no longer tenable. The Michigan Court of Claims has clarified the statute; the Michigan Court of Appeals affirmed and adopted those clarifications; and the state's highest court has declined to reinterpret the Privilege Waiver. *See* ECF Nos. 40, 41-3. Accordingly, Plaintiffs cannot plausibly maintain that the Privilege Waiver remains vague. Plaintiffs' motion for summary judgment is therefore denied on this basis.

**B. Unconstitutional Conditions Doctrine**

Plaintiffs' argument that §31aa(9) imposes an unconstitutional condition fares no better. Again, the state courts have already clarified the provision's requirements. *See* ECF No. 30, PageID.420 (citing *McDonald v Chicago*, 561 U.S. 742, 765; 130 NW2d 3020; 177 L Ed 2d 894 (2010)) ("[A] district, as a governmental agency, does not have a constitutional right against self-incrimination. Constitutional rights protect individuals from government overreach, not the government itself from the overreach of other parts of the government."). Put simply, in arguing that the

Defendant "cannot condition [the] benefit on the recipient's surrender of a constitutional right[,]" Plaintiffs appear to have misunderstood upon whom the condition is imposed. With that distinction clarified, this Court further emphasizes that each of Plaintiffs' constitutional protections remain intact in their individual capacities. When acting in their official capacities, however, as Plaintiffs conceded in their state-action briefing, "schools do not have any such rights." ECF No. 41-3, PageID.799. Hence, the Privilege Waiver does not impose any unconstitutional condition so Plaintiffs' motion for summary judgment is denied for this very reason.

### C. Severability of Privilege Waiver

Having already determined that the Privilege Waiver is neither, unconstitutionally vague nor requires an unconstitutional condition, the Court finds that Plaintiffs' argument that the Privilege Waiver be severed from the Statute is moot.

## IV.

For these reasons, Plaintiffs' Motion for Summary Judgment (ECF No. 22) is **DENIED** and Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

***This is a final order that closes the case.***

Dated: August 27, 2026
Detroit, Michigan

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
United States District Judge